THE HONORABLE JOHN C. COUGHENOUR

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| STEVEN R. ERGLER, an individual,<br><br>Plaintiff,<br><br>v.<br><br>ETHICON ENDO-SURGERY, LLC, a Puerto Rico limited liability company,<br><br>Defendant. | CASE NO. C19-5608-JCC<br><br>ORDER |

This matter comes before the Court on Plaintiff's unopposed petition for approval of settlement (Dkt. No. 56). Having thoroughly considered the petition, the Declaration of Peter J. Mullenix (Dkt. No. 57), the Report of Settlement Guardian Ad Litem ("SGAL") John Wilson (Dkt. No. 58), the Declaration of John Wilson (Dkt. No. 59), and the relevant record, the Court finds oral argument unnecessary and hereby GRANTS the petition and ORDERS as follows:

1. The proposed settlement for Steven R. Ergler's claims against Defendant Ethicon Endo-Surgery, LLC in the amount of $███████ is approved;

2. The attorneys' fees incurred by Friedman | Rubin, PLLP in the amount of $███████ are approved;

3. The attorneys' fees incurred by Jacob Menashe in the amount of $███████ are approved;

ORDER
C19-5608-JCC
PAGE - 1

4. The litigation costs advanced by Friedman | Rubin, PLLP in the amount of $██████ are approved;

5. The disbursement to Equian for reimbursement of its lien for medical expenses in the amount of $██████ is approved;

6. The disbursement to Discovery Health Partners for reimbursement of its lien for medical expenses in the amount of $██████ is approved;

7. The disbursement of $██████ into a structured settlement is approved;

    a. Future periodic payments will be made on the dates and in the amounts indicated below:

        i. Payee:    Steven R. Ergler

           ($██████ payable monthly, guaranteed for 16 years and 11 months, beginning on 7/15/2021, with the last guaranteed payment on 5/15/2038)

        ii. Periodic payments and related fees, if any, have a cost of $██████.

        iii. The future payment amounts outlined above are guaranteed based upon a projected annuity purchase date of June 15, 2021. Any delay in funding the annuity may result in a delay of the payment dates or change in payment amounts that shall be recorded in the settlement agreement and release, qualified assignment document, and the annuity contract without the need to obtain an amended Petition/Court Order up to 180 days after original purchase date.

        iv. Any payments to be made after the death of the Payee shall be made to the Estate of Payee. Payee may submit a change of beneficiary, in writing, to Assignee. No such designation, or any revocation thereof, shall be effective unless it is in writing and delivered to Assignee. The designation must be in a form acceptable to Assignee. The designation

approved by the Court at this time is The Estate of Steven R. Ergler.

  v. The obligation to make periodic payments described herein will be assigned to Pacific Life & Annuity Services, Inc. ("Assignee") and funded by an annuity contract issued by Pacific Life Insurance Company ("Annuity Issuer"), rated A+ (Superior) by A.M. Best Company. All parties shall cooperate fully and execute any and all supplementary documents, including a Settlement Agreement and Release and Qualified Assignment, in compliance with Internal Revenue Code Section 104 (a)(2) and Section 130 of the Internal Revenue Code of 1986, as amended.

  vi. Neither the incapacitated person, nor their estate, nor any subsequent beneficiary or recipient of any payments or any part of any payments under this structured settlement shall have the right to accelerate, commute, or otherwise reduce to present value or to a lump sum any of the payments or any part of the payments due under this structured annuity settlement or this order unless by later motion good cause has been shown to lift or modify these restrictions.

8. The SGAL fee in the amount of $▇▇▇▇ to be paid by Defendant is approved; and

9. The SGAL shall be discharged from all further duties.

DATED this 28th day of June 2021.

*John C. Coughenour*
John C. Coughenour
UNITED STATES DISTRICT JUDGE

C19-5608-JCC
PAGE - 3